(Court of Appeal, Parish of Orleans.)

CLERC COMPANY, LTD., vs. E. G. KRON, et als.

Appeal from Civil District Court, Division "B."

G. Fernandez, for Plaintiff and Appellee.

J. Zach Spearing and Geo. Montgomery, for Defendant and Appellant.

The plaintiff, a corporation organized under a charter of date January, 1902, sued a guarantor under a written agreement of date December 2d, 1901, given in favor of Clerc Bros. & Co., Ltd., a corporation organized under charter of date March 1st, 1899;

HELD: That so far as the record shows, the two are distinct corporations, and the cause is remanded to allow the plaintiff to prove, if it can by competent evidence, that it has such interest as entitles it to a right of action against the guarantor.

DUFOUR, J. This suit seeks to recover of E. G. Kron, as guarantor, a balance of account due by Kron and Roggenkamp for goods furnished the latter by the plaintiff.

One of the defences presented both by exception and by answer is that, so far as the guarantor is concerned, the plaintiff has no legal right of action and no rights under or by virtue of the agreement of guaranty.

The document evidencing the guarantee bears date of December 2nd, 1901, and the obligation it incurs is in favor of "Clerc Bros. & Co., Ltd.," a corporation doing business under a charter of date March 1st, 1899.

The plaintiff is doing business under a name different from the foregoing, and under a charter adopted in January, 1902, subsequent to the agreement.

One charter is not an amendment of the other; they are distinct

and separate, as are, in law, the respective entities which they create.

The record is barren of any reasons why a contract made in favor of one corporation should be enforceable by another.

It may be that the surety by his conduct, or otherwise, with full knowledge of all surrounding circumstances, has made himself liable to the plaintiff, but the record does not show this and it is not our province to indicate, in advance, what acts would bind him, and what kind of proof would be competent.

In the interest of justice, the case should be remanded.

Judgment appealed from reversed, and cause remanded to allow plaintiff to prove by competent evidence that it has the right to sue guarantor on the agreement of guaranty, the testimony in the record to remain without being re-offered, costs of appeal to be paid by plaintiff and those of the lower court to await the final determination of the cause.

March 20th, 1905.

Rehearing refused April 3rd, 1905.